## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Center for Reproductive Rights<br>199 Water Street<br>New York, NY 10038,<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. Department of State<br>2201 C Street N.W.<br>Washington, D.C. 20520<br><br>          Defendant. | Civil Action No. |

## <u>COMPLAINT</u>

### (<u>Freedom of Information Act</u>)

Plaintiff, the Center for Reproductive Rights ("the Center") brings this action against Defendant, the U.S. Department of State ("DOS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

As further alleged below, the Center has sought certain information from DOS that is directly relevant to the Center's mission of using the power of law to advance reproductive rights as fundamental human rights around the world.  On April 20, 2018, DOS released the 2017 *Country Reports on Human Rights Practices* ("Human Rights Reports" or "Reports"), which is a series of reports documenting the status of human rights in nearly 200 countries and territories. In previous years, the Human Rights Reports included a subsection titled "Reproductive Rights" under Section 6 ("Discrimination, Societal Abuses, and Trafficking in Persons").  This subsection often included research on the impact of laws restricting access to reproductive health care around the world, including reporting on whether individuals "have the right to decide the number, spacing, and timing of their children; manage their reproductive health and have access

to the information and means to do so."[1]  Past Human Rights Reports have also contained, within

the Reproductive Rights subsection, information about the availability of contraception, rates of

maternal mortality, and civil society concerns about total abortion bans.[2]  These annual Reports

are congressionally mandated by Sections 116(d-g) and 502B(a-c) of the Foreign Assistance Act

of 1961, as amended in 1974 and 1976, and require the Secretary of State to report on "all the

available information about observance of and respect for human rights and fundamental

freedom" in each respective country.[3]  The Reports systematically document human rights

abuses around the world, including violations of individuals' reproductive rights, and provide

invaluable information to the U.S. government, lawmakers, academics, civil society

organizations, and human rights defenders around the world.

The 2017 Human Rights Reports, however, do not contain the subsection previously

titled "Reproductive Rights."  Instead, the 2017 Human Rights Reports contain a subsection

titled "Coercion in Population Control," which focuses on an extremely narrow subset of human

rights violations, namely whether or not there were any "reports of coerced abortion, involuntary

sterilization, or other coercive population control methods."[4]  The DOS's apparent decision to

remove the "Reproductive Rights" subsection and replace it with a "Coercion in Population

Control" section undermines the credibility and integrity of the Reports, which are purportedly

---

[1]  See, e.g., U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: Haiti § 6
(Mar. 3, 2017), available at
http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2016&dlid=265594.

[2]  Id. (discussing challenges that young women faced in obtaining family planning services, and
high risk of maternal deaths in the country, especially due to complications from abortions).

[3]  See International Security Assistance and Arms Export Control Act of 1976, Pub L. No. 94-
329, 90 Stat. 729, 747 (codified as amended at 22 U.S.C. § 2304(c)(1)(A)).

[4]  See, e.g., U.S. Dep't of State, Country Reports on Human Rights Practices for 2017: Haiti § 6
(Apr. 20, 2018), available at
http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2017&dlid=277339.

comprehensive.  As explained further below, the erasure of this information deprives policy makers, decision-makers, advocates, and researchers of essential information.  The Center is particularly concerned that this demonstrates a shift away from protecting and advancing women's reproductive rights in line with a broader effort to backtrack on decades of law and policy protecting women and girls' rights to basic health care at home and abroad.

Thus, on June 22, 2018, the Center filed a FOIA request with DOS seeking records relating to the apparent decision to not include the "Reproductive Rights" subsection in the 2017 Reports.  As a result of DOS's failure to respond to that request, the Center filed a complaint against DOS on September 25, 2018 alleging violations of FOIA and seeking declaratory and injunctive relief, attorney's fees and costs, and other relief deemed just and proper by the Court.  *See* Complaint, *The Center for Reproductive Rights v. U.S. Dep't of State*, No. 1:18-cv-02217 (D.D.C. Sept. 25, 2018).  This case is currently pending before the Honorable Judge Dabney L. Friedrich.

The Center has reason to believe that this practice will continue and that critical information will again be erased from the 2018 Reports.  Therefore, on October 17, 2018, pursuant to FOIA, the Center requested certain records relating to the preparation of the 2018 Human Rights Reports and communications regarding changes to Section 6, including the removal of the "Reproductive Rights" subsection despite widespread objections (the "October 17 Request").  The October 17 Request was received by the Department of State's Office of Information Programs and Services that same day.  DOS has not claimed that the requested information is subject to any FOIA exceptions or privileges and has not advanced any other reason why it should not be disclosed.  Despite the clear statutory requirement that an agency respond to a FOIA request within 20 days, and despite the Center's repeated inquiries, DOS has

failed to provide a final determination or produce any documents in response to the Center's Request—indeed, DOS has failed to provide any response to the Request other than to confirm receipt.  The Center seeks to compel DOS to comply with its obligations under FOIA and promptly produce the requested records.

The Center further alleges as follows:

## PARTIES

1.      Plaintiff, the Center for Reproductive Rights, is a 501(c)(3) nonprofit corporation incorporated under the laws of the State of New York and headquartered at 199 Water Street, New York, NY 10038.  The Center for Reproductive Rights is dedicated to using the power of law to advance reproductive rights as fundamental human rights around the world.  It is the only global legal advocacy organization dedicated to reproductive rights, and its litigation and advocacy has played a key role in expanding access to reproductive health care around the world.

2.      Defendant, the U.S. Department of State, is an agency of the United States government under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  DOS is headquartered at 2201 C Street N.W., Washington, D.C. 20520.  DOS has possession, custody, and control of the documents that the Center seeks in response to the FOIA request.

## JURISDICTION & VENUE

3.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4.      Because DOS failed to comply with the requirements to respond set forth in 5 U.S.C. § 552(a)(6)(A), the Center has constructively exhausted its administrative remedies and is entitled to proceed with this judicial action pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

5.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

6.      The Freedom of Information Act, 5 U.S.C. § 552, mandates disclosure of records held by a federal agency, in response to a request for such records by a member of the public, unless records fall within certain narrow statutory exemptions.

7.      As the United States Supreme Court has recognized, "the basic purpose of [FOIA] is 'to open agency action to the light of public scrutiny.'" *Department of Air Force v. Rose*, 425 U.S. 352, 372 (1976).  Such scrutiny improves the public's understanding of governmental operations and, thus, enables a vibrant and functioning democracy.

8.      Accordingly, the Center submitted a FOIA request to DOS to promote public understanding of the Department's decision to continue the policy of removing the Reproductive Rights subsection from its annual Human Rights Reports.

## FACTUAL BACKGROUND

### A.      THE HUMAN RIGHTS REPORTS

9.      Every year, the State Department publishes country-specific reports documenting the status of human rights around the world.  The publication of these reports is congressionally mandated, and the information compiled is used to inform U.S. policy decisions.  *See* 22 U.S.C. § 2304 (requiring submission to Congress of a report regarding the status of human rights in every country that receives certain types of U.S. government assistance).  These Reports are initially drafted at the country level and are informed by meetings and information exchanges with civil rights groups, journalists, and other governmental and nongovernmental actors. Starting with the 2011 Human Rights Report, and continuing uninterrupted for the next five years, the Reports included a subsection titled "Reproductive Rights" under Section 6 ("Discrimination, Societal Abuses, and Trafficking in Persons").  In his remarks announcing the

publication of the 2017 Human Rights Reports, then-acting Secretary of State John J. Sullivan

called the reports, "the most comprehensive and factual accounting of the global state of human

rights."[5]

10.     In 2016, each country's report included a Reproductive Rights subsection, which

often featured information about recent developments affecting women's reproductive rights and

up-to-date statistics regarding maternal mortality rates.  For example, the 2016 Uganda report

described standards and guidelines established by the Ministry of Health to reduce morbidity and

mortality related to unsafe abortions; the 2016 El Salvador report included details regarding the

wrongful incarceration of women who suffered severe pregnancy complications as a result of the

country's abortion ban; and the 2016 Cameroon report described the death of a woman and her

twin babies as a result of the use of a razor blade by the woman's sister to open her womb and

included other information regarding high maternal mortality rates.[6]  The report on the

Philippines was one of the most extensive, providing updates on a variety of recent

developments, such as rulings by the country's Supreme Court on the provision of reproductive

---

[5]  *See* Acting Secretary of State John J. Sullivan, Remarks on the Release of the 2017 Country
    Reports on Human Rights Practices (Apr. 20, 2018), *available at*
    https://www.state.gov/s/d/2018/280666.htm.

[6]  *See* U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: Uganda § 6
    (Mar. 3, 2017), *available at*
    http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2016&dlid=265314;
    U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: El Salvador § 6
    (Mar. 3, 2017), *available at*
    http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2016&dlid=265586;
    U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: Cameroon § 6
    (Mar. 3, 2017), *available at*
    http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2016&dlid=265234.

health services and the launch of a national inquiry into the denial of such services to women by local governments.[7]

11.     Yet, this information was removed from the 2017 Human Rights Reports without explanation.  Specific reporting on the conditions women face in Argentina, Cameroon, Haiti, and the Philippines was replaced with the exact same boilerplate language for each country: "[t]here were no reports of coerced abortion, involuntary sterilization, or other coercive population control methods.  Estimates on maternal mortality and contraceptive prevalence are available at: www.who.int/reproductivehealth/publications/monitoring/maternal-mortality-2015/en/."[8]  The 2016 and 2017 Reports for the Philippines are attached here as Exhibits A and B to demonstrate this stark contrast.  This brief, two-sentence statement also replaced detailed reports of reproductive rights in the Reports for, among others, Burkina Faso, Bangladesh, Ethiopia, El Salvador, Guatemala, Nepal, Uganda, Pakistan, and Zambia, reducing the value of reports that had previously included nuanced, real-time observations about conditions in each country.[9]  In fact, this Reproductive Rights subsection, previously included for each one of the 195 countries covered by the Reports' comprehensive assessment of the state of human rights around the world, was removed entirely.  For some countries, such as Guatemala, by referencing a 2015 World Health Organization study, the replacement text and statistics relied upon in the

---

[7]  *See* U.S. Dep't of State, Country Reports on Human Rights Practices for 2016: The Philippines § 6 (Mar. 3, 2017), *available at* http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2016&dlid=265366.

[8]  *See*, *e.g.*, U.S. Dep't of State, Country Reports on Human Rights Practices for 2017: Argentina § 6 (Apr. 20, 2018), *available at* http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2017&dlid=277303.

[9]  *See*, *e.g.*, U.S. Dep't of State, Country Reports on Human Rights Practices for 2017: Burkina Faso § 6 (Apr. 20, 2018), *available at* http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2017&dlid=276973.

2017 Reports were actually *older* and less up-to-date than the statistics referenced in the prior year's Report.  As a recent report by Oxfam noted, such changes appear to be part of the Trump administration's broader efforts to decrease reporting about women's issues in the Reports.[10] Specifically, researchers found that the 2017 Human Rights Reports contained approximately 30% fewer mentions of women's rights and issues as compared to reports in 2015 and 2016.[11] Yet, the 2017 Reports were not "statistically significantly shorter," calling into question any arguments that such reductions were made for concision alone.[12]

12.     The reduction in coverage of women's rights overall, and the erasure of information regarding reproductive rights specifically, clearly undermines the assertion that the Reports are "the most comprehensive and factual accounting of the global state of human rights" and has far-reaching consequences.  The Reports are critical tools used by governments and human rights defenders around the world to hold countries accountable.  The U.S. Congress uses the Reports to inform decisions about foreign aid and policy.  Immigration judges and refugee and asylum officers use the reports regularly when making decisions about the credibility of refugees' claims.  And academics, journalists, civil society organizations, and other governments use the comprehensive reports to further their research, augment their own reporting, and aid in their advocacy.  Deleting reproductive rights from the annual reports erases women, girls, and other people who need reproductive health services from global debates on public health and puts the lives of some of the world's most vulnerable communities at risk by allowing abuses to

---

[10]   *See* Oxfam, Sins of Omission: Women's and LGBTI rights reporting under the Trump administration (Nov. 1, 2018), *available at* https://www.oxfamamerica.org/explore/research-publications/sins-of-omission/.

[11]   *Id.* at 3.

[12]   *Id.* at 4.

occur unchecked and unreported, emboldening the violators and compounding the amount and severity of future rights deprivations.  It sends a message to abusive governments that the United States turns a blind eye to such actions.

13.     Furthermore, the process of preparing and drafting the annual reports provides a critical opportunity for foreign service officers to engage local civil society and human rights defenders about the issues and concerns facing them.  Removing reproductive rights from these conversations severely hampers such opportunities.

**B.     THE CENTER'S FOIA REQUEST**

14.     On October 17, 2018 the Center filed a FOIA request with DOS seeking records relating to the apparent decision to continue the policy of removing the subsection titled "Reproductive Rights" in the 2018 *Country Reports on Human Rights Practices* (the "October 17 Request").  A true and correct copy of the October 17 Request is attached as Exhibit C.

15.     On October 17, 2018, the Center received, via email, a confirmation that DOS was in receipt of its October 17 Request.  A true and correct copy of this email is attached as Exhibit D.

16.     On October 29, 2018, the Center sent a follow-up email to DOS inquiring about the status of the Request and the case control number assigned.  A true and correct copy of this email is attached as Exhibit E.

17.     On November 19, 2018 the Center received, via email, an acknowledgement letter dated November 16 from DOS's Office of Information Programs and Services.  The acknowledgement letter stated that the Office of Information Programs and Services received the FOIA request on October 17, 2018.  It also confirmed the case control number of F-2019-00561. A true and correct copy of this acknowledgment letter is attached as Exhibit F.

**C.      THE STATE DEPARTMENT'S FAILURE TO RESPOND**

18.      Pursuant to FOIA, within 20 business days of receipt of the Center's October 17 Request—that is, no later than November 14—DOS was required to "determine . . . whether to comply with such request" and to "immediately notify" the Center of "such determination and the reasons therefor," and, in the case of an adverse determination, the Center's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

19.      Other than the November 16 acknowledgment letter, to date, the Center has received no further response from DOS related to the October 17 Request.

20.      DOS has not made a final determination regarding the October 17 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**COUNT I - FAILURE TO COMPLY WITH FOIA**

21.      The Center incorporates each of the foregoing paragraphs of this Complaint.

22.      Pursuant to FOIA, 5 U.S.C. § 552(a), the Center has a statutory right to access requested agency records.

23.      DOS has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i), for the October 17 Request.

24.      Because DOS failed to comply with the requirements to respond set forth in 5 U.S.C. § 552(a)(6)(A), the Center has constructively exhausted its administrative remedies and is entitled to proceed with this judicial action pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

25.      Under FOIA, when an agency "improperly with[o]ld[s]" records, this Court may "enjoin the agency from withholding agency records" and "order the[ir] production." 5 U.S.C. § 552(a)(4)(B).

26.     Furthermore, this Court may provide declaratory relief because this is a case of "actual controversy" within the jurisdiction of this Court.  28 U.S.C. § 2201(a).  An actual controversy exists because the Center contends that DOS's continuing failure to act with respect to the Center's FOIA request is in violation of the law.

## PRAYER FOR RELIEF

WHEREFORE, the Center respectfully requests that this Court enter a judgment for the Center and award the following relief:

a.     Declaratory relief declaring that DOS's failure to respond to the Center's October 17 Request is unlawful;

b.     Injunctive relief ordering DOS to respond to the Center's October 17 Request, by a date certain (but no later than January 25, 2018), by (a) conducting a search that is reasonably likely to lead to the discovery of any and all records responsive to the Center's October 17 Request, (b) demonstrating that it has conducted an adequate search, and (c) producing to the Center any and all nonexempt records or portions of records responsive to the Center's October 17 Request, as well as a Vaughn index of any records or portions of records withheld due to a claim of exemption;

c.     Award the Center its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.     Grant the Center such other and further relief as the Court may deem just and proper.

December 5, 2018

Respectfully submitted,

_____
Katherine Smith (C.A. Bar No. 247866)
ksmith@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue,
Los Angeles, CA 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

/s/ Wendy Miller
_____
Wendy Miller (D.C. Bar No. 1035161)
wmiller@gibsondunn.com
Mia Donnelly (D.C. Bar No. 1034277)
mdonnelly@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Plaintiff*
*The Center for Reproductive Rights*